# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHANDRA L. BERRY, | ) |
|   Plaintiff, | ) ) ) |
| v. | ) |
| CITI CREDIT BUREAU and TRANS UNION, LLC, | ) ) ) ) |
|   Defendants. | ) ) |

No. 2:18-cv-02654-SHL-dkv

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S RULING REGARDING JUDICIAL NOTICE, ADOPTING REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE PORTIONS OF VANESSA ARMBRUSTER AND DON ORLOWSKI'S DECLARATIONS AND OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING SUMMARY JUDGMENT AND DISMISSING CASE**

Before the Court is Chief Magistrate Judge Vescovo's Report and Recommendation on Plaintiff's Motion to Strike Portions of Vanessa Armbruster and Don Orlowski's Declarations and Objections and Report and Recommendations on Defendant's Motion for Summary Judgment ("Report and Recommendation"), filed on March 30, 2020. (ECF No. 121.) On April 13, 2020, *pro se* Plaintiff timely filed a Notice of Appeal to Review and Objections to Magistrate Judge Vescovo's March 30, 2020, Order Granting Judicial Notice[1] and March 30,

---

[1] Additionally, in Plaintiff's Objections to the Chief Magistrate Judge's Report and Recommendations, Plaintiff appealed the Chief Magistrate Judge's ruling on Defendant's Motion to Take Judicial Notice. (ECF No. 120.) While that Order was separate from the Report and Recommendation, both were entered the same day. (See ECF Nos. 120, 121.) Defendant responded to the appeal in its response to Plaintiff's objections to the Report and Recommendation. (ECF No. 123.) While the Court recognizes these are separate filings, it addresses both in this Order.

2020, Report and Recommendations. (ECF No. 122.) Defendant responded to Plaintiff's objections and appeal on April 24, 2020. (ECF No. 123.)

This case centers around a June 18, 2018, background report (the "Report") provided by Citi Credit to landlord April Hua in connection with Plaintiff Berry's application to rent property in Memphis, Tennessee. (June 18, 2018, Citi Credit Report, ECF No. 83-5.) Berry contends that the Report inaccurately included a reference to an eviction (and did not properly investigate that issue when she disputed it) and improperly omitted her credit score. Defendant respond that all information provided was accurate and that the law does not allow a consumer to dispute the omission of a credit score. For the reasons set forth below, the Chief Magistrate Judge's Order regarding judicial notice is **AFFIRMED**; the report and recommendation on Plaintiff's motions to strike is **AFFIRMED**; the report and recommendation on Defendant's Motion for Summary Judgment is **ADOPTED** and Defendant's Motion for Summary Judgment is **GRANTED**.

## PROCEDURAL BACKGROUND

On August 27, 2018, Plaintiff, proceeding *pro se*, filed three separate cases in the General Sessions Court of Shelby County, Tennessee, against various defendants alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., among other claims, all of which were removed to this court by Defendants.[2] The Court referred all three cases to Chief Magistrate Judge Vescovo for management and resolution of all pretrial matters. (Order of Ref., ECF No. 13.) The Court also consolidated the cases for discovery and mediation on December 12, 2018. (Order, ECF No. 25.)

---

[2] Case No. 18-2654-SHL-dkv; Case No. 18-2689-SHL-dkv; Case No. 18-2721- SHL-dkv.

On August 29, 2019, Trans Union filed a motion for summary judgment. (Mot. for Summ. J., ECF 81).[3] Berry responded in opposition to Trans Union's motion on September 25, 2019. (Pl.'s Resp., ECF No. 87.)[4] Trans Union filed a reply and a response to Berry's additional facts on October 8, 2019. (Def.'s Reply, ECF No. 92; Def.'s Resp. to Additional Facts, ECF No. 93.)

Additionally, on September 25, 2019, Berry filed motions to strike portions of the declarations of Armbruster (Pl.'s Mot. to Strike, ECF No. 90), and Orlowski (Pl.'s Mot. to Strike, ECF No. 91.) Trans Union responded to the motions to strike on October 8, 2019. (Def.'s Resps. to Mots. to Strike, ECF Nos. 94 & 95.)

On February 3, 2020, Trans Union requested that the Court take judicial notice of the state court proceedings underlying the record of eviction (the "Eviction Record.") (Def.'s Mot. to Take Judicial Notice, ECF No. 104.) Berry responded in opposition on the same day. (Pl.'s Resp., ECF No. 105.) On March 30, 2020, the Chief Magistrate Judge granted Trans Union's motion reasoning that "[t]he Eviction Filing, Eviction Order, and Denial of Appeal are all publicly available state court records that can be readily verified as accurate." (Order, ECF No. 120 at PageID 1110.) With that ruling, the court took judicial notice of the following facts: "(i) Bank of New York Mellon filed an unlawful detainer warrant against Berry in the Shelby County General Sessions Court; (ii) the Shelby County General Sessions Court entered an order granting Bank of New York Mellon possession of [the Property]; and (iii) the Tennessee Court of Appeals

---

[3] In support of Trans Union's motion for summary judgment, it filed a statement of facts in support of the motion, (Statement of Facts, ECF No. 83), along with the declarations of Don Wagner, (Wagner Decl., ECF No. 83-3), Vanessa Armbruster, (Armbruster Decl., ECF No. 83-4), and Richard Orlowski, (Orlowski Decl., ECF No. 83-7).

[4] Additionally, Berry filed her own affidavit and the affidavits of her sister, Karen Berry, and a work associate, Eldean Brown. (Affs. in Supp. of Pl.'s Resp., ECF Nos. 87-1, 87-2 & 88.)

affirmed the circuit court's subsequent grant of summary judgment in favor of Bank of New York Mellon and its dismissal of Berry's counterclaims." (Id.)

Following that order, the Chief Magistrate Judge issued the Report and Recommendation. In that Order, it was recommended that Berry's motions to strike portions of Armbruster and Orlowski's declarations be denied because the declarants possessed the requisite personal knowledge of the facts asserted in their declarations. The Report and Recommendation further recommended that Trans Union's motion for summary judgment be granted because Plaintiff had failed to establish a violation under the FCRA.

Plaintiff then appealed the Chief Magistrate Judge's ruling on judicial notice and submitted objections to the Report and Recommendation. In essence, Plaintiff challenges Defendant's use of the state court documents as well as their evidentiary value, contends that the declarations at issue are contradicted by other evidence and argues that disputes of fact prevent summary judgment here. Because the Court is not persuaded by any of Plaintiff's arguments, and she failed to properly object to the Chief Magistrate's recommendations regarding summary judgment, her objections are overruled, as explained more fully below.

## **FACTS**[5]

On June 18, 2018, Citi Credit provided a background report (the "Report") based partially on information reported by Trans Union and Trans Union Rental Screening Solutions, Inc. ("TURSS") in connection with Berry's property rental application. (ECF Nos. 84-4, 84-5, 84-6, 93.) The Report included a record of eviction, dated June 18, 2015, and did not include a

---

[5] Plaintiff does not specifically dispute any of the proposed undisputed facts in the Chief Magistrate's Report and Recommendation, merely their import. Therefore, the Court adopts the Proposed Undisputed Facts from the Report and Recommendation and provides a brief recitation for purposes of this Order. (See ECF No. 121, PageID 1115-23.)

credit score, only a "resident score." (ECF No. 83-5.) Berry disputed the eviction (ECF No. 83-4, PageID 675) and, after investigating the accuracy of the record of eviction, TURSS updated the file to reflect that the eviction was dismissed. (Id. at PageID 721.) Berry disputed the second report and, after again investigating, TURSS removed the eviction from her report altogether. (Id. at 676, 733-37.) Berry also disputed the "resident score" and claimed that it is lower than her credit score. (ECF No. 83-3, PageID 669.) After Berry was dissatisfied with the responses she received, she brought this litigation.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, the applicable standard of review turns on whether the issue before the court is dispositive or non-dispositive. A district court applies a "clearly erroneous or contrary to law" standard of review for "non-dispositive" preliminary matters. (28 U.S.C. §636(b)(1)(A).) Therefore, the court sustains objections on non-dispositive matters if it finds "any portion of the magistrate judge's order . . . to be clearly erroneous or contrary to law." (Fed. R. Civ. P. 72(a).)

Congress set out a list of dispositive motions in § 636(b)(1)(A):

motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Because the Chief Magistrate Judge's ruling on judicial notice fits none of these categories, it is a non-dispositive issue and will be reviewed using a "clearly erroneous or contrary to law" standard.

Courts disagree as to whether a motion to strike is a dispositive motion. "[T]he Sixth Circuit has not addressed this precise issue." Herrerra v. Michigan Dep't of Corr., No. 5:10-CV-

11215, 2011 WL 3862426, at *3 n.1 (E.D. Mich. July 22, 2011). While there is a lack of consensus among the courts, the decision as to whether a motion to strike was dispositive or non-dispositive turns on the particular issue before the court. Where a motion to strike concerns a dispositive issue enumerated in § 636(b)(1)(A), such as striking a pleading, courts have determined the ruling on the motion to be a dispositive one. Herrerra v. Michigan Dep't of Corr., No. 5:10-CV-11215, 2011 WL 3862426, at *3 n.1 (E.D. Mich. July 22, 2011) (citations omitted) ("Although the Sixth Circuit has not addressed this precise issue, it has held that striking . . . a pleading as a discovery sanction is considered a dispositive motion outside of a magistrate judge's authority to hear and determine pursuant to 28 U.S.C. § 636(b)."); Jeeper's of Auburn, Inc. v. KWJB Enter., L.L.C., No. 10-13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011), report and recommendation adopted, No. 10-13682, 2011 WL 1899531 (E.D. Mich. May 19, 2011) ("A motion to strike an affirmative defense is generally considered to be a dispositive motion. . . .")

If a motion to strike involves a non-dispostive issue, such as striking portions of a complaint, courts have concluded that it is a non-dispositive one. MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP, 2008 WL 4642835, at *1 (M.D. Fl. Oct. 20, 2008) ("The Motion to Strike was not itself dispositive of any claim, as it only sought to strike certain paragraphs of the Second Amended Complaint. . . . [T]herefore[,] the magistrate judge properly resolved the motion by order."); Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC, No. 12-2268 A/P, 2012 WL 12909869, at *2 n.1 (W.D. Tenn. June 1, 2012) (reasoning "a Motion to Strike paragraphs 41 and 42 of the Complaint, which deal solely with the non-dispositive, evidentiary issue of insurance coverage" was a non-dispositive motion). Similarly, motions to strike portions of declarations are non-dispositive, focused solely on evidentiary issues. Here, the Court concludes

that Plaintiff's motions to strike the declarations of Armbruster (Pl.'s Mot. to Strike, ECF No. 90) and Orlowski (Pl.'s Mot. to Strike, ECF No. 91) are non-dispositive because they address evidentiary issues, not the ultimate issue in the case.  Thus, the Court will review those objections under the "clearly erroneous or contrary to law" standard.

The Court reviews objections to a Report and Recommendation on a Motion for Summary Judgment, a dispositive motion, with the more stringent de novo standard.  Under this standard, "the District Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A party's objections to a magistrate judge's ruling, either in whole or in part, "must be clear enough to enable the District Court to discern those issues that are dispositive and contentious."  See Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  See Howard v. Sec'y of Human & Health Servs., 932 F.2d 505, 509 (6th Cir. 1991).  Similarly, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  Holloway v. Palmer, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (quotations omitted).

## **ANALYSIS**

Plaintiff objects to the Chief Magistrate Judge's ruling on judicial notice as well as to the Report and Recommendation.  In essence, Plaintiff challenges Defendant's use of the state court documents as well as their evidentiary value, contends that the declarations at issue are contradicted by other evidence and argues that disputes of fact prevent summary judgment here.  The Court analyzes each issue below.

I.      **First Objection-Trans Union's Motion to Take Judicial Notice**

On March 30, 2020, the Chief Magistrate Judge granted Defendant's Motion to Take Judicial Notice related to state court eviction documents. (ECF No. 120.) Specifically, the court took judicial notice of the following facts: "(i) Bank of New York Mellon filed an unlawful detainer warrant against Berry in the Shelby County General Sessions Court; (ii) the Shelby County General Sessions Court entered an order granting Bank of New York Mellon possession of [the Property]; and (iii) the Tennessee Court of Appeals affirmed the circuit court's subsequent grant of summary judgment in favor of Bank of New York Mellon and its dismissal of Berry's counterclaims." (Id.)  The Chief Magistrate Judge reasoned that "[t]he Eviction Filing, Eviction Order, and Denial of Appeal are all publicly available state court records that can be readily verified as accurate." (ECF No. 121, PageID 1129.)

Plaintiff appeals that Order because, according to her, the "Eviction Filing" concluded in 2018 and she "was never evicted and retained possession of the residence following the Court of General Sessions proceedings." (ECF No. 122, PageID 1150.) Plaintiff asserts that Trans Union improperly asked the court "to take judicial notice of new 'facts' and 'documents' it never asserted in its motion for summary judgment and failed to assert in an Answer or Response to Plaintiff's . . . affirmative defenses." (Id.)  Moreover, she further argues that judicial notice of the Eviction Filing was inappropriate because she presented facts about the Eviction Filing that were subject to reasonable dispute. (Id. at PageID 1150-51.)

As discussed above, this ruling involves a non-dispositive pre-trial matter subject, upon appeal, to a "clearly erroneous or contrary to law" standard of review. (28 U.S.C. §636(b)(1)(A).)  As to what is a proper matter for judicial notice, Federal Rule of Evidence 201(b)(2) states that "[t]he court may judicially take notice of a fact that is not subject to

reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This rule includes "judicial notice of [separate court] proceedings that are relevant to the matter at hand." United States v. Emmons, 524 F. App'x 995, 997 (6th Cir. 2013).

Here, the Eviction Filing is directly relevant to Plaintiff's FCRA claim against Defendant. It is related to the Report provided by Citi Credit to the landlord which forms the basis of this action. Moreover, it involves separate court proceedings upon which this Court may rely. Plaintiff bears the burden, and has failed to show that the Chief Magistrate Judge's grant of judicial notice was "clearly erroneous or contrary to law." Plaintiff's appeal of the Chief Magistrate Judge's ruling to take judicial notice of the Eviction Filing is **DENIED**.

## II. Second Objection-Motions to Strike Portions of the Armbruster and Orlowski Declarations

Plaintiff next objects to the Chief Magistrate Judge's Report and Recommendation denying her motion to strike portions of Armbruster and Orlowski's declarations. Specifically, she has two objections: first, that portions of the declarations are inconsistent with prior submissions and sworn statements and, second, that Armbruster and Orlowski do not state how they had personal knowledge of the statements Trans Union submitted to the Court. (ECF No. 122, PageID 1152-53.)

The Chief Magistrate Judge construed the Motions to Strike as objections to the admissibility of the declarations. Lombard v. MCI Telecom. Corp., 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998); Porter v. Hamilton Beach/Proctor-Silex, Inc., 2003 WL 21946595, at *2 (W.D. Tenn. July 28, 2003) (finding that a motion to strike was "not the proper procedural device" by which to object to exhibits offered to support a motion.) She then concluded that both Armbruster and Orlowski possessed the requisite personal knowledge of the facts asserted

9

in their declarations. Fed. R. Evid. 803(6); Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009) (permitting hearsay evidence on a motion for summary judgment where an exception applies).

As to the alleged inconsistency, as Defendant points out, Plaintiff originally objected to the Armbruster and Orlowski statements because they contradicted her own prior statements. (ECF No. 123, PageID 1182; see also ECF Nos. 90, 91.) It appears that, now, after the Report and Recommendation identified that Plaintiff had a "misunderstanding of the law," (ECF No. 121, PageID 1128), she modified her objection to aver that Armbruster and Orlowski's statements contradict Defendant's position. This is the first time that Plaintiff has made this argument. (ECF No. 123, PageID 1177.)

The Magistrate Judge Act, 28 U.S.C. § 631, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000.) "The failure to raise the argument before the Magistrate Judge constitutes the waiver" of the argument." Marr v. Foy, No. 1:07-CV-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) (quoting Allen v. Int'l Truck & Engine Corp., 2009 WL 863 591, *1 (S.D. Ohio Mar. 31, 2009)). Plaintiff's contention that Trans Union's prior statements contradict the declarations was not raised in the original motion to strike, and thus is waived. Therefore, the Court will only consider the denial of Plaintiff's Motion based on the lack of personal knowledge as well as other evidentiary rules.

As to those issues, Plaintiff has failed to show that the Chief Magistrate Judge's denial of Plaintiff's Motions was "clearly erroneous or contrary to law." Plaintiff's objections amount to disagreements with the statements as none of the evidentiary rules raised apply to support the

10

motion to strike. The Chief Magistrate Judge's denial of Plaintiff's Motions to Strike is **AFFIRMED** and the Plaintiff's objection is **OVERRULED**.

### III.     Third Objection-Defendant's Motion for Summary Judgment

Chief Magistrate Judge Vescovo recommends granting Trans Union's Motion for Summary Judgment on Plaintiff's FCRA claim, concluding that Berry failed to establish a genuine issue of material fact to survive summary judgment. Berry objects, contending that a reasonable jury could find a genuine issue of material fact as to whether the Trans Union's report of the Eviction Record resulted in a violation under the FCRA. Specifically, Plaintiff summarily states that "the Court erred in viewing the disputed facts in the light most favorable to the movant." (ECF No. 122, PageID 1149.)

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing there are no genuine issues of material fact at issue in the case. LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378. This may be accomplished by demonstrating to the court that the non-moving party lacks evidence sufficient to support an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

In response to a motion, the non-moving party must go beyond the pleadings and present significant probative evidence to establish that there is more than "some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., 8 F.3d 335, 340 (6th Cir. 1993); see also LaPointe, 8 F.3d at 378. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings

11

themselves[.]" Celotex, 477 U.S. at 324. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); LaPointe, 8 F.3d at 378.

In deciding a motion for summary judgment, the "[c]ourt must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson, 477 U.S. at 251-52). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Patton, 8 F.3d at 346; 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). But to defeat a motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252; LaPointe, 8 F.3d at 378.

Plaintiff lists twelve "disputed issues" in opposition to the Defendant's motion for summary judgment and generally refers the Court to "Plaintiff's Response in Opposition to Motion for Summary, Judgment, Statement of Disputed Facts and Supporting Affidavits."[6] (ECF No. 122, PageID 1149-50.) The "disputed issues" are, verbatim:

1. Whether the Court's March 30, 2020, Report and Recommendation is clearly erroneous and contrary to the legal standard of the FCRA §§ 1681e(b) and 1681i(a).

---

[6] In numbers three, four and seven of these "disputed issues," Plaintiff improperly attempts to relitigate the denial of her amended complaint and entry of default. (See ECF Nos. 86, 97). These issues are not properly before the Court and they will not be further addressed. Moreover, numbers two and five are addressed above.

    2. Whether the Court erred in granting Trans Union's Motion to Take Judicial Notice in its March 30, 2020, Order.
    3. Whether the Court erred in not properly docketing Plaintiff's First Amended Complaint filed and served on December 3, 2018.
    4. Whether the Court erred in denying Plaintiff's June 2019 re-filed and reserved Amended Complaint.
    5. Whether the Court erred in denying Plaintiff's motions to strike portions of the Armbruster and Orlowski declarations, or in the alternative, overruling Plaintiff's objections of the Armbruster and Orlowski declarations.
    6. Whether Trans Union waived any affirmative defense when it failed to file responsive pleading; and whether Plaintiff was sufficiently prejudiced by its errors.
    7. Whether the Court erred in denying Plaintiff's Motion for Entry of Default.
    8. Whether the Court erred in viewing the disputed facts in the light most favorable to the movant, Trans Union.
    9. Whether the FCRA permit's a consumer to dispute an incomplete credit report when Trans Union failed to provide Plaintiff's score upon request and a complete consumer report including any existing credit accounts.
    10. Whether Trans Union's noncompliance with the FCRA when it appeared and disseminated to third parties inaccurate and incomplete information in Plaintiff's consumer report caused her injuries.
    11. Whether Trans Union fulfilled its obligation under 15 U.S.C. § 1681e(b), to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff whom the report relates.
    12. Whether Trans Union fulfilled its obligation under 15 U.S.C. § 1681i(a), to conduct a reasonable investigation of inaccurate and incomplete information it reported to third parties in Plaintiff's consumer report.

(Id.)

These statements do not state with particularity or specificity how the court erred but rather just state questions of law. Berry also apparently attempts to direct the Court to "Plaintiff's Response in Opposition to Motion for Summary, Judgment, Statement of Disputed Facts and Supporting Affidavits," presumably for the arguments in support of her position. (ECF No. 122, PageID 1149.) Thus, the result is a list of so-called "disputed issues" that read like headings of legal arguments but without the argument that follows, and a reference to her prior arguments on these issues, not the required specifics as to how she thinks the Chief Magistrate Judge erred. "The filing of vague, general, or conclusory objections does not meet the

13

requirement of specific objections and is tantamount to a complete failure to object." Holloway v. Palmer, 2017 WL 4844457, at *2 (6th Cir. Apr. 5, 2017) (quotations omitted).

Taken as a whole, Plaintiff's "objection" is nothing more than a general objection to the Magistrate Judge's recommendation.

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.
>
> Howard v. Sec'y of Human & Health Servs., 932 F.2d 505, 509 (6th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 148 (1985.))

The Court declines to comb through Plaintiff's brief to find exactly where she thinks there is error in the Report and Recommendation.  Doing so would require the Court to construe Plaintiff's arguments for her, and determine which arguments were preserved among the hundreds of pages of prior motions and exhibits.  The Court finds that the list of "disputed issues" and reference back to Berry's pre-Report and Recommendation response to Defendant's Motion for Summary Judgment amounts to a failure to object.

For these reasons and upon review of the Chief Magistrate Judge's Report and Recommendation, Plaintiff's claims fail as a matter of law.  A motion for summary judgment is a dispositive pretrial matter subject to de novo review upon objection.  § 636(b)(1)(A).  Plaintiff's "objections"  are vague and conclusory, and fail to "meet the requirement of specific objections and is tantamount to a complete failure to object."  See Howard, 932 F.2d at 509.  Therefore, the Court has reviewed the Report and Recommendation using the "clearly erroneous or contrary to

14

law" standard and found no error. The Chief Magistrate Judge's recommendation to grant Defendant's Motion for Summary Judgment is **ADOPTED**.

## **CONCLUSION**

For the foregoing reasons, the Chief Magistrate Judge's Order regarding judicial notice is **AFFIRMED**; the report and recommendation on Plaintiff's motions to strike is **AFFIRMED**; the report and recommendation on Defendant's Motion for Summary Judgment is **ADOPTED** and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED,** this 11th day of August, 2020.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE